IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILLIAM JOHN FELDHACKER, | ) |
| | ) |
| Petitioner, | )   8:06cv644 |
| | ) |
| vs. | )   ORDER on INITIAL REVIEW |
| | ) |
| CYNTHIA STEWART, Adult Parole Supervisor, et al., | ) |
| | ) |
| Respondents. | ) |

This matter is before the court for initial review of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition") filed by the petitioner, William John Feldhacker, a former state prisoner who is presently on parole. Also before the court is filing no. 2, the petitioner's Motion for Appointment of Counsel.

The petitioner is not proceeding in forma pauperis ("IFP"), and he thus lacks the pauper status which would permit appointment of counsel. Nachtigall v. Class, 48 F.3d 1076, 1081 (8th Cir. 1995). Even if the petitioner were proceeding IFP, however, "[t]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997). "The standard for appointment of counsel in [28 U.S.C.] § 1915(d) cases is whether both petitioner and the court would benefit from the assistance of counsel." Nachtigall v. Class, 48 F.3d at 1081.

The decision whether to appoint counsel is committed to the discretion of the district court in light of such factors as the factual and legal complexity of the case and the petitioner's ability to investigate and to articulate his claims without appointed counsel. Morris v. Dormire, 217 F.3d 556, 558-59 (8th Cir.), cert. denied, 531 U.S. 984 (2000). "A district court may appoint counsel for a habeas petitioner when 'the interests of justice so require.' ... The interests of justice require the court to appoint counsel when the district court conducts an evidentiary hearing on the petition .... The appointment of counsel is discretionary when no evidentiary hearing is necessary .... In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors .... Where the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel." Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted).

Upon review of the petitioner's filings to date, the above factors do not indicate a

1

present need for the appointment of counsel. Accordingly, for the foregoing reasons, the petitioner's Motion for Appointment of Counsel is denied at this time, subject to sua sponte reconsideration if an evidentiary hearing is held in this case.

28 U.S.C. § 2254 affords habeas corpus relief to "a person in custody pursuant to the judgment of a State court [who] is in custody in violation of the Constitution or laws ... of the United States." Id. § 2254(a). Rule 4 of the *Rules Governing Section 2254 proceedings in the United States District Courts*, as amended effective December 1, 2004, states:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

This case has been assigned to District Judge Richard G. Kopf. However, a Magistrate Judge may conduct initial review. Rule 10 of the *2254 Rules,* as amended, states: "A magistrate judge may perform the duties of a district judge under these rules, as authorized under 28 U.S.C. § 636."

The petitioner alleges violations of his federal constitutional rights in connection with his judgment of conviction in the District Court of Seward County, Nebraska, on or about March 11, 2004, for resisting arrest, third degree assault on an officer, second-offense refusal of a chemical test, second-offense driving under suspension, fourth-offense driving while intoxicated, and possession of an open alcoholic beverage container. See generally State v. Feldhacker 2005 WL 2206122 (Neb. App. Sept. 13, 2005) (No. A-04-725); State v. Feldhacker, 672 N.W.2d 627 (Neb. 2004) (No. S-02-131); State v. Feldhacker, 663 N.W.2d 143 (Neb. App. 2003) (No. A-02-131); State v. Feldhacker, 657 N.W.2d 655 (Neb. App. 2003) (No. A-02-131).

On initial review of the § 2254 petition, I provisionally find that summary dismissal under Rule 4 of the *§ 2254 Rules* is not required and that the respondent shall answer or otherwise respond to the § 2254 petition.

IT IS THEREFORE ORDERED:

1. That the Clerk of Court shall mail copies of the § 2254 petition to the respondent(s) and to the Nebraska Attorney General by regular first-class mail;

2. That, within twenty (20) days of the date of this Order, the respondent(s) shall file an Answer to the § 2254 petition on the merits of the claims and any affirmative defenses, in the manner contemplated by Rule 5 of the *§ 2254 Rules* **or** the respondent(s) may, in their discretion, limit the response to affirmative defense(s) by filing a motion for summary judgment pursuant to Fed. R. Civ. P. 56(b);

3. That, whether the respondent(s) file an answer or a motion for summary judgment, they shall also file with the court and serve on the petitioner a pleading entitled Designation of Relevant State Court Records, listing any records considered relevant in addition to the records already filed by the petitioner (attachments to filing no. 1);

4. That all records listed in the respondent(s)' Designation of Relevant State Court Records shall be filed with/delivered to the court at the time the Designation of Relevant State Court Records is filed;

5. That if the respondent(s) elect to file a motion for summary judgment, copies of all records designated and filed in support of the motion shall also be served on the petitioner;

6. That, whether the respondent(s) file an answer or a motion for summary judgment, the petitioner may reply within 30 days thereafter;

7. That, if necessary and requested in writing, each party shall be entitled to an extension of time; and

8. That filing no. 2, the petitioner's Motion for Appointment of Counsel, is denied at this time, subject to sua sponte reconsideration if an evidentiary hearing is held in this case.

DATED this 23rd day of October, 2006.

BY THE COURT:

s/ F. A. GOSSETT
United States Magistrate Judge