IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WILLIAM JOHN FELDHACKER, | ) | 8:06CV644 |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

On October 23, 2006, Magistrate Judge Gossett entered an order on initial review of the petitioner's § 2254 petition for a writ of habeas corpus and made a provisional finding that summary dismissal of the petition was not required. Judge Gossett then ordered the respondent to file an answer or motion for summary judgment, to designate relevant state court records, and to file or deposit such records with the court. The respondent complied with this directive on December 8, 2006, by filing an answer and copies of designated state court records.

Among other things, the respondent's answer (1) alleges that the petitioner's first ground for relief, claiming a denial of due process based on an alleged violation of the petitioner's right to a speedy trial under a Nebraska statute, is procedurally defaulted and, in any event, is not a proper ground for relief under § 2254; (2) admits that the petitioner's second ground for relief, a claimed Sixth Amendment speedy trial violation, is properly before this court, but alleges that the claim is without merit; and (3) alleges that the petitioner's third ground for relief, a due process claim based on the denial of a motion for a continuance, is also without merit. The petitioner filed a reply on January 5, 2007. With the filing of these additional pleadings and state court records, I now can conduct a more thorough review of the petitioner's claims.[1]

_____

[1] I apologize to the parties that so much time has elapsed without any activity since these documents were filed. It is not my practice to permit cases to sit idle.

## DISCUSSION

The records show that the petitioner was charged on August 30, 2000, in the District Court of Seward County, Nebraska, with (1) resisting arrest, (2) third degree assault on a police officer, (3) second-offense refusal of a chemical test, (4) second-offense driving under suspension, (5) fourth-offense driving while intoxicated, and (6) possession of an open alcoholic beverage container.  After the District Court denied a motion to dismiss the charges on speedy trial grounds on December 31, 2002, the petitioner filed an appeal as authorized by Nebraska law.[2]  He assigned as error "that the [district] court erred in denying the Defendant's (1) Motion for a Speedy Trial as set out in Neb. Rev. Stat. § 29-1208 (Reissue 1995) and (2) Constitutional right to a speedy trial."  (Filing 9-8, at 6.)

The Nebraska Court of Appeals issued a decision on March 11, 2003, that affirmed the denial of the petitioner's motion to dismiss but modified the District Court's finding that the State had 45 days left under Nebraska's 6-month speedy trial statute to bring the petitioner to trial; the time remaining was reduced to 5 days.  *See State v. Feldhacker*, 657 N.W.2d 655 (Neb. App. 2003); (Filing 9-10, at 1-12).  On a motion for rehearing filed by the State, the Court of Appeals replaced one section of the opinion but did not change the result.  *See State v. Feldhacker*, 663 N.W.2d 143 (Neb. App. 2003); (Filing 9-10, at 13-15).  The Nebraska Supreme Court then granted petitions for further review filed by both parties and, on January 4, 2004, affirmed the Court of Appeals' decision as modified.  The Supreme Court determined that there were 26 days remaining under the speedy trial statute; it also found it unnecessary to consider the State's claim that the Court of Appeals had erred in determining that the petitioner had asserted his constitutional right to a speedy trial in the District Court.  *See State v. Feldhacker*, 672 N.W.2d 627 (Neb. 2004); (Filing 9-10, at 16-23).

---

[2] Under Nebraska law, a motion to discharge on speedy trial grounds involves a special statutory proceeding and the denial of such a motion is treated as a final, appealable order.  *See State v. Jacques*, 570 N.W.2d 331, 336 (Neb. 1997).

The Supreme Court's mandate issued on February 4, 2004, and the District Court thereafter scheduled the petitioner's trial to commence on March 9, 2004. (Filing 9-13, at 50, 51.)  On March 5, 2004, the petitioner filed a motion for a continuance of the trial.  (Filing 9-13, at 62-63.)  The motion was heard by the District Court on March 8, 2004, and was denied.  (Filing 9-7, at 9.)  The petitioner orally renewed the motion several times during the next three days—at a hearing on a motion to suppress on March 9th, prior to commencement of trial on March 10th, after the State had rested on March 11th, and again at the conclusion of the case on March 11th—and on each occasion the motion was denied.  (Filing 9-7, at 95; filing 9-4, at 19; filing 9-5, at 86, 114.)

The jury returned a verdict of guilty as to counts 1 though 5, and judgment was subsequently entered on May 18, 2004.  (Filing 9-13, at 93, 110.)  The petitioner appealed his conviction to the Nebraska Court of Appeals and assigned as error that:

> A.    The District Court erred when it overruled the defendant's Motion to Continue on March 8, 9,10,11, 2004, which denied the defendant procedural due process.

> B.    The District Court erred when it overruled the defendant's motion on March 8,2004, to continue the trial in order to allow the defendant time to depose new State witnesses that were allowed to be added to the States witness list the day before the trial was to begin.

(Filing 9-9, at 5.)

The Nebraska Court of Appeals, finding no abuse of discretion by the District Court, affirmed the judgment on September 13, 2005, in an unpublished decision. (Filing 9-10, at 24-28.)  The Nebraska Supreme Court denied the petitioner's request for further review on October 26, 2005.  No motion for postconviction relief has been filed by the petitioner in state court.

The respondent states that the petitioner's § 2254 petition, which was filed in this court on October 10, 2006, is not barred by the statute of limitations.

## Ground One

As his first ground for habeas relief, the petitioner alleges that "[t]he Nebraska Supreme Court decision filed on January 2, 2004 [267 Neb. 145], resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceedings, a decision that was contrary to and involved an unreasonable application of clearly established Federal Law as determined by the Supreme Court of the United [S]tates. Petitioner's Due Process rights were violated, he is being held in violation of the U.S. Constitution." (Filing 1, at 5.) Ground One is presented primarily as a Sixth Amendment claim in which the petitioner challenges certain findings of fact set forth in the Nebraska Supreme Court's January 2, 2004 opinion. This Sixth Amendment claim was raised on direct appeal in advance of the petitioner's trial and is not procedurally defaulted.

However, the petitioner also argues that there were procedural irregularities that tainted these findings of fact and resulted in a denial of due process, including: (1) the District Court granted the State a continuance for a *Jackson v. Denno* hearing, from October 26, 2000, to December 4, 2000, as the result of an alleged ex parte communication; (2) the State was permitted to submit a witness's affidavit after the hearing on December 4, 2000, and, although the affidavit was signed on January 2, 2001, it was not filed until 19 days later; and (3) the witness's affidavit erroneously states that the petitioner was arrested on August 2, 2000, instead of July 29, 2000, as charged in the indictment. The petitioner also generally argues that he was not permitted access to police dispatch records which would establish that he was arrested at a different location than was stated in the affidavit.

I agree with the respondent that none of these due process arguments were fairly presented to the Nebraska Supreme Court. "Before a state prisoner is entitled

to federal habeas corpus relief, he first must exhaust his state law remedies and fairly present the facts and substance of his habeas claim to the state court." *Middleton v. Roper,* 455 F.3d 838, 855 (8th Cir. 2006), *cert. denied*, 127 S.Ct. 980 (2007). To satisfy the "fairly present" requirement, the petitioner must have "refer[red] to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in the . . . state court." *Id.* (quoting *Abdullah v. Groose*, 75 F.3d 408, 411-12 (8th Cir. 1996) (en banc)). While at least some of the facts listed above were included in one or more briefs that the petitioner submitted for his first appeal, there was never any mention of an alleged due process violation; all of the arguments and legal citations were concerned solely with the right to a speedy trial under the Nebraska Constitution and statutes, and under the Sixth Amendment.

"A motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." *Hall v. State*, 646 N.W.2d 572, 579 (Neb. 2002). Consequently, the due process claim asserted in Ground One is procedurally defaulted. "[I]f no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default' (or actual innocence, . . .)." *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005), *cert. denied,* 126 S.Ct. 1351 (2006) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)).

The petitioner has not alleged that the failure to exhaust the due process claim was due to ineffective assistance of counsel or other "cause and prejudice", but he does claim actual innocence. To prevail on such a claim, the petitioner will need "to present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006). Speculation by the petitioner will not suffice.

Regarding the petitioner's Sixth Amendment claim, considerable deference must be given to the Nebraska Supreme Court's decision of January 4, 2004. I am bound by the Nebraska Supreme Court's fact findings unless it made a "decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Additionally, I must presume that a factual determination made by the Nebraska Supreme Court is correct unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). A conclusion of law set forth in the Nebraska Supreme Court's decision on the merits must also be accepted, and a writ of habeas corpus cannot be granted by me, unless the Nebraska Supreme Court's conclusion "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

The petitioner alleges that the Nebraska Supreme Court's decision contains certain critical findings of fact that are contrary to, or not supported by, the record, resulting in a miscalculation of speedy trial time. The respondent's answer does not specifically address these allegations.

Insofar as the petitioner claims that there was a violation of the Nebraska speedy trial statute or the Nebraska Constitution, no federal habeas claim is stated. *See Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir. 1994) (violation by state officials of a state speedy trial law, taken alone, does not present a federal claim reviewable on habeas petition).

In summary, Ground One contains a Sixth Amendment speedy trial claim that is properly before this court. To the extent that the claim may be based on state law, however, it is not cognizable. Ground One also contains a due process claim that is procedurally defaulted.

## Ground Two

As his second ground for relief, the petitioner alleges that "[t]he Nebraska
Court of Appeals erred, the petitioner's Constitutional right to a speedy trial
guaranteed by the Sixth Amendment has been violated and is imprisoned in violation
of the U.S. Constitution." (Filing 1, at 10.)  In many respects, Ground Two is simply
a continuation of Ground One, but with the petitioner making new arguments of
ineffective assistance of counsel in addition to claiming that the State withheld and
fabricated evidence.  Despite the respondent's admissions that Ground Two has been
exhausted and is not procedurally defaulted, which were based on the respondent's
characterization of Ground Two as simply involving a claim by the petitioner "that
his constitutional right to a speedy trial, guaranteed by the Sixth Amendment, has
been violated[,]" (Filing 10, at 6), it is evident that there are parts of the claim that
were not fairly presented to the state courts.

The petitioner alleges that he did not receive effective assistance of counsel
from various attorneys who represented him prior to and during his first appeal.  This
was not assigned as error on the second appeal when the petitioner was represented
by different counsel.  "Under Nebraska law, in order to raise the issue of ineffective
assistance of trial counsel where appellate counsel is different from trial counsel, a
defendant must raise on direct appeal any issue of ineffective assistance of trial
counsel which is known to the defendant or is apparent from the record, or the issue
will be procedurally barred on postconviction review."  *State v. Molina*, 713 N.W.2d
412, 447 (Neb. 2006) (declining to adopt discretionary rule of *Massaro v. United
States*, 538 U.S. 500 (2003)).  Thus, any Sixth Amendment claim of ineffective
assistance of counsel alleged in Ground Two is procedurally defaulted.

The petitioner does not claim that his attorney on the second appeal was remiss
in failing to assign as error the alleged deficiencies in performance of his previous
attorneys regarding speedy trial issues, but, as in Ground One, he does claim actual
innocence.  The petitioner also makes additional arguments in Ground Two related

7

to his procedurally defaulted claim that he was denied his "fourteenth Amendment right to due process." (Filing 1, at 15.)

In summary, I find that the ineffective assistance of counsel claim alleged in Ground Two, which concerns only speedy trial issues, is procedurally defaulted. The petitioner's due process claim was not presented on appeal to the state courts, but, as in Ground One, the claim is procedurally defaulted because it cannot be presented on a motion for postconviction relief. The petitioner's Sixth Amendment speedy trial claim and his claim of actual innocence, both of with are alleged in combination in Ground One and Ground Two, are properly before the court.

### Ground Three

Finally, the petitioner alleges that "[t]he Nebraska [C]ourt of Appeals erred, the District Court of Seward erred when it overruled the defendant's Motion to Continue on March 8, 9, 10, 11, 2004, which denied the defendant procedural due process, and he is imprisoned in violation of the U.S. Constitution." (Filing 1, at 16.) Although the Nebraska Court of Appeals only held that the District Court had not abused its discretion in denying the trial continuance, the petitioner assigned as error on his second appeal that "[t]he District Court erred when it overruled the defendant's Motion to Continue of March 8, 9, 10, 11, 2004, which denied the defendant procedural due process." (Filing 9-9, at 5.) The respondent admits that this due process claim is exhausted and is not procedurally defaulted.

### CONCLUSION

The petitioner has alleged three claims that require further consideration, and I will require the parties brief these claims on the merits. The issues to be briefed are:

1.  Whether the petitioner was denied his right to a speedy trial under the Sixth Amendment to the United States Constitution.
2.  Whether the petitioner is actually innocent.

3.      Whether the petitioner was denied his right to procedural due process under the Fourteenth Amendment to the United States Constitution when his motions for a continuance of trial were denied.

Accordingly,

IT IS ORDERED that:

1.      The petitioner shall file a brief arguing the merits of the 3 issues listed above (Sixth Amendment speedy trial claim; actual innocence claim; and trial continuance due process claim) on or before August 31, 2007.

2.      The respondent shall file a responsive brief within thirty (30) days after service of the petitioner's brief.

June 26, 2007.                              BY THE COURT:

                                            s/ *Richard G. Kopf*
                                            United States District Judge