IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WILLIAM JOHN FELDHACKER, | ) | |
| | ) | |
| Petitioner, | ) | 8:06CV644 |
| | ) | |
| v. | ) | |
| | ) | |
| DENNIS BAKEWELL, Warden, and | ) | **MEMORANDUM** |
| ROBERT HOUSTON, | ) | **AND ORDER** |
| | ) | |
| Respondents. | ) | |
| | ) | |

This matter is before the court on Petitioner's Motion for Certificate of Appealability. (Filing No. 29.) Petitioner filed his Petition for Writ of Habeas Corpus on October 10, 2006. (Filing No. 1.) On June 18, 2008, this court dismissed Petitioner's claims and entered Judgment in favor of Respondents. (Filing No. 26 & Filing No. 27.) Petitioner filed a timely Notice of Appeal. (Filing No. 28.)

**Motion for Certificate of Appealability.**

Before a petitioner may appeal the dismissal of a petition for writ of habeas corpus, a "Certificate of Appealability" must issue. Pursuant AEDPA, the right to appeal such a dismissal is governed by 28 U.S.C. § 2253(c), which states:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; ....

> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).[1]

A certificate of appealability may issue only if the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Such a showing requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted), citing Barefoot v. Estelle, 463 U.S. 880, 893-94 (1983) (defining pre-AEDPA standard for a certificate of probable cause to appeal).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484. Similarly, if the district court denies a petition for writ of habeas corpus on procedural grounds without reaching the underlying constitutional claims on the merits:

> [A] COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural

---

[1]Similarly, Federal Rule of Appellate Procedure 22(b), as amended by the AEDPA, indicates that in an action pursuant to 28 U.S.C. § 2254, a notice of appeal triggers the requirement that "the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue."

2

> ruling .... Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

*Id.*

The court has carefully reviewed the record and Petitioner's Brief and Index of Evidence in support of his Motion for Certificate of Appealability. (Filing No. 30 and Filing No. 31.) Petitioner has failed to demonstrate that reasonable jurists would find this court's ruling debatable or wrong. For the reasons stated in its June 18, 2008 Memorandum and Order, dismissing Petitioner's claims, the court declines to issue a Certificate of Appealability.

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion for Certificate of Appealability (filing no. 29) is denied without prejudice to reassertion before the Eighth Circuit.

2. The Clerk of the court shall provide the Court of Appeals with a copy of this Memorandum and Order.

July 8, 2008.  BY THE COURT:

s/*Richard G. Kopf*
United States District Judge

3