IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILLIAM JOHN FELDHACKER, ) | 8:06CV644 |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| DENNIS BAKEWELL, Warden, and ) | |
| ROBERT HOUSTON, ) | |
| ) | |
| Respondents. ) | |

This matter is before the court on Petitioner's Motion to Set Aside Judgment (filing no. 43) and Motion to Disqualify Judge (filing no. 44). As set forth below, both Motions are denied.

## I.   *Motion to Set Aside Judgment*

Petitioner filed his Petition for a Writ of Habeas Corpus ("Petition") on October 10, 2006. (Filing No. 1.) On June 18, 2008, the court denied relief and dismissed the Petition with prejudice. (Filing Nos. 26 and 27.) Petitioner sought a certificate of appealability, which the court denied. (Filing No. 32.) Petitioner timely appealed, and the Eighth Circuit Court of Appeals also denied the application for a certificate of appealability. (Filing No. 38.) Petitioner thereafter sought a rehearing en banc from the Eighth Circuit and filed a petition for writ of certiorari in the United States Supreme Court. Both courts denied Petitioner relief. (Filing Nos. 39 and 42.) Petitioner now seeks relief pursuant to Fed. R. Civ. Pro. 60(b)(6). (Filing No. 43.)

Rule 60(b)(6) "grants federal courts broad authority to relieve a party from a final judgment 'upon such terms as are just,' provided that the motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S.

847, 863 (1988). However "[r]elief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005).

The court has carefully reviewed Petitioner's Motion to Set Aside Judgment. Liberally construed, Petitioner merely re-argues the merits of his Petition and claims that his underlying criminal proceedings were unfair. (Filing No. 45.) However, even under the most liberal construction, Petitioner has not shown any "exceptional circumstances," which prevented him from fully litigating his claims or receiving adequate redress. Accordingly, Petitioner's Motion to Set Aside Judgment is denied.

## II.     *Motion to Disqualify Judge*

Petitioner seeks the recusal of the undersigned because of "a deep-seated favoritism that made a fair judgment impossible." (Filing No. 44.) The basis for Petitioner's request is that undersigned judge must be biased, because he ruled against Petitioner in dismissing the Petition and an unbiased judge would not have done so. (*Id.*) However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . . Almost invariably, they are proper grounds for appeal, not for recusal." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also Dossett v. First State Bank*, 399 F.3d 940, 953 (8th Cir. 2005) (citing *Liteky* and finding recusal not warranted where the plaintiff complained of bias only because of adverse rulings). Clearly, Petitioner disagrees with the court's decisions. However, he has not set forth any evidence or argument, other than the court's previous decisions denying him relief, as a basis for his Motion. In light of this, the Motion to Disqualify Judge is denied.

IT IS THEREFORE ORDERED that:

1.  Plaintiff's Motion to Set Aside Judgment (filing no. 43) is denied.

2.  Plaintiff's Motion to Disqualify Judge (filing no. 44) is denied.

DATED this 5th day of March, 2010.

                                              BY THE COURT:

                                              *Richard G. Kopf*
                                              United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.